IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER JULKA,

                                                                                                                                  ORDER

                    Plaintiff,

                                                                                                              09-cv-534-slc[1]

       v.

STANDARD INSURANCE COMPANY,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Peter Julka filed this civil suit in the Circuit Court for Dane County, asserting a promissory estoppel claim against defendant Standard Insurance Company. On August 26, 2009, defendant removed the case to this court, asserting that this court has jurisdiction under 28 U.S.C. § 1331 because plaintiff's action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 (ERISA). On October 10, 2009, defendant filed a motion to dismiss the complaint, contending that plaintiff's state law claim is completely preempted by ERISA. Plaintiff's brief in opposition was due on October 23,

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. The parties have not consented yet to the magistrate judge's jurisdiction. For the purpose of issuing this order, I am assuming jurisdiction over the case.

2009. Plaintiff missed this deadline. On November 4, 2009, Magistrate Judge Crocker gave plaintiff an extension of time, allowing him until November 24, 2009 in which to file his opposition brief. This deadline has passed, and plaintiff has not filed an opposition brief. Plaintiff's failure to oppose defendant's motion, file an amended complaint with ERISA claims or otherwise communicate with the court suggests that he is no longer interested in prosecuting the case.

Dismissals for failure to prosecute are covered by Fed. R. Civ. P. 41(b). Under that rule, a court may dismiss an action for a plaintiff's failure to prosecute and the dismissal will operate as an adjudication on the merits unless the court states otherwise. In other words, plaintiff will be barred from raising the same claim against the same defendant in a future lawsuit. The Court of Appeals for Seventh Circuit has identified several criteria that a district court should consider before dismissing a case for failure to prosecute. Among them are: 1) the frequency and magnitude of the plaintiff's missed deadlines; 2) the effect of the delay on the court's schedule; 3) the prejudice to other litigants; and 4) the possible merits of the lawsuit. Williams v. Chicago Board of Education, 155 F.3d 853, 857 (7th Cir. 1998). In addition, the court of appeals requires courts to give "an explicit warning" before a lawsuit is dismissed for failure to prosecute. Id. (quoting Ball v. City of Chicago, 2 F.3d 752, 755 (7th Cir. 1993)).

Because dismissal with prejudice under Rule 41(b) for failure to prosecute is a "harsh

penalty" that is appropriate "only in extreme circumstances," Palmer v. City of Decatur, 814 F.2d 426, 429 (7th Cir. 1987), I will offer plaintiff one last opportunity to oppose defendant's motion or amend his complaint to add ERISA claims. If he fails to do so, I will dismiss this action under Rule 41(b). Plaintiff has missed his deadline twice for opposing defendant's motion. Aside from the obligation to move a case forward, a plaintiff has a particular obligation to respond to a dispositive motion and prove the factual and legal bases for his claim. Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). In addition, defendant should not be required to defend against plaintiff's claims a second time at some point in the future. These two criteria alone are sufficient to warrant a dismissal with prejudice.

ORDER

IT IS ORDERED that if, by December 10, 2009, plaintiff Peter Julka fails to submit a brief in response to defendant's motion to dismiss or file an amended complaint, then the clerk of court shall enter judgment in favor of defendant, dismissing this case with prejudice

under Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute.

Entered this 25th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge