IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER JULKA,

                                          ORDER

             Plaintiff,

                                     09-cv-534-slc[1]

    v.

STANDARD INSURANCE COMPANY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Peter Julka filed this civil suit in the Circuit Court for Dane County, Wisconsin, asserting a promissory estoppel claim against defendant Standard Insurance Company. On August 26, 2009, defendant removed the case to this court, asserting that this court has jurisdiction under 28 U.S.C. § 1331 because plaintiff's action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 (ERISA). On October 10, 2009, defendant filed a motion to dismiss the complaint, contending that plaintiff's state law claim is completely preempted by ERISA. Plaintiff has missed multiple

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. The parties have not consented yet to the magistrate judge's jurisdiction. For the purpose of issuing this opinion and order, I am assuming jurisdiction over this case.

1

deadlines by which he should have filed his brief in opposition. In an order dated November 25, 2009, dkt. #17, I warned him that if he did not file an amended complaint or brief in opposition to defendant's motion to dismiss by December 10, 2009, his complaint would be dismissed for failure to prosecute.

Now plaintiff has filed an amended complaint, dkt. #19, in which he raises three state law claims, including one based on promissory estoppel and another on ERISA. I will accept plaintiff's amended complaint as the new operative pleading in this case.

Also, plaintiff has filed a motion for extension of time, dkt. #20, in which to respond to defendants' motion to dismiss. Now that plaintiff has filed an amended complaint, defendant's motion to dismiss is moot. National Pork Producers Council v. Jackson, 09-cv-73-slc, 2009 WL 1255557, *1 (W.D. Wis. May 1, 2009) ("Because plaintiffs' amended complaint is now the operative pleading, the motion to dismiss plaintiffs' original complaint is now moot."). I will deny plaintiff's motion for an extension of time as moot. Defendant is free to file a new motion to dismiss plaintiff's amended complaint.

ORDER

IT IS ORDERED that

1. Plaintiff Peter Julka's motion to amend his complaint, dkt. #19, is GRANTED. The amended complaint is the operative pleading in this case.

2. Defendant Standard Insurance Company's motion to dismiss, dkt. #11, and plaintiff's motion for an extension of time to file a brief in opposition to defendant's motion to dismiss, dkt. #20, are DENIED as moot.

Entered this 16th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge