IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER T. JULKA,

                Plaintiff,              OPINION and ORDER

v.

                                            09-cv-534-slc

STANDARD INSURANCE COMPANY,

                Defendant.

---

      Plaintiff Peter Julka originally filed this civil suit in the Circuit Court for Dane County, asserting a promissory estoppel claim against defendant Standard Insurance Company. On August 26, 2009, defendant removed the case to this court, contending that this court has jurisdiction under 28 U.S.C. § 1331 because plaintiff's action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 (ERISA). On October 10, 2009, defendant filed a motion to dismiss the complaint, contending that plaintiff's state law claim was completely preempted by ERISA. Plaintiff missed multiple deadlines by which he should have filed a brief in opposition. In an order dated November 25, 2009, dkt. 17, Judge Crabb warned plaintiff that if he did not file an amended complaint or response to defendant's motion to dismiss by December 10, 2009, his complaint would be dismissed for failure to prosecute.

      On December 11, 2009, plaintiff filed an amended complaint, dkt. 19, in which he asserted three state law claims and an ERISA claim. Defendant has filed a new motion to dismiss, dkt. 28, contending that plaintiff's state law claims are completely preempted by ERISA. Plaintiff's brief in opposition was due on January 19, 2010. Instead of filing an opposition brief, plaintiff has filed a motion for extension of time, dkts. 30 and 31, in which he requests an additional ten days to respond to defendant's motion.

I will deny plaintiff's motion for extension of time and grant defendant's motion to dismiss plaintiff's complaint with respect to plaintiff's state law claims. First, plaintiff has failed twice to sign his motion for extension of time, making his motion invalid. Second, the arguments that defendant asserts in its motion to dismiss are the same arguments that defendant raised in its first motion to dismiss, namely, that plaintiff's state law claims are preempted by ERISA. In fact, the two motions to dismiss are nearly identical. In effect, plaintiff has had over three and a half months to prepare a response to these arguments. As Judge Crabb explained in the November 25 order, dkt. 17, plaintiff has an obligation to move his case forward. Because I conclude that defendant's motion has merit, I will grant the motion to dismiss the state law claims.

For the sole purpose of deciding this motion, I draw the following facts from plaintiff's amended complaint and the group policy of disability insurance that is referred to in plaintiff's amended complaint and provided to the court as an attachment to defendant's motion to dismiss. *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (holding that documents attached to a motion to dismiss by the defendant may be considered when they are referred to in the plaintiff's complaint and are central to plaintiff's claim).

FACTS

Until April 2004, plaintiff Peter Julka was a partner at the Stafford Rosenbaum LLP law firm. Sometime prior to 2004, defendant Standard Insurance Company issued a group disability insurance policy ("group policy") to the law firm. Stafford Rosenbaum was the "policyowner" of the group policy and agreed to pay the entire cost of coverage on behalf of its shareholders.

The group policy stated that both partners and employees of the firm were eligible for coverage. Stafford Rosenbaum reserved the authority to determine the amount of any employee contribution toward the cost of coverage and had the option of terminating the policy. Plaintiff was insured under the group policy. Under the group policy, defendant agreed to pay a specified amount to plaintiff in the event that he became disabled and was unable to continue working.

During the term of the policy, plaintiff became disabled and could no longer work as an attorney. He filed a claim for benefits with defendant, but defendant denied his claim. In April 2004, plaintiff spoke via telephone with a representative of defendant about changing his disability claim and filing an internal appeal pursuant to the terms of the policy. Plaintiff told the representative that he was concerned about his ability to file an appeal within the time limit designated by the policy. The representative told plaintiff that defendant would waive the time limit for filing an internal appeal and would accept plaintiff's appeal when he was prepared to pursue it. Plaintiff sent a facsimile to defendant confirming the conversation he had with the representative. Plaintiff did not file an internal appeal.

Some time after plaintiff sent the facsimile, defendant sent a letter to plaintiff stating that no representative had told plaintiff that the time for filing an internal appeal would be extended. After he received the letter, plaintiff called defendant. A representative told plaintiff that the time limit for filing an internal appeal had expired, plaintiff's file was closed and any internal appeal he filed would not be considered.

OPINION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A claim should be dismissed under Rule 12(b)(6) when the allegations in a complaint, however true, could not raise a claim of entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The court will construe all of plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In plaintiff's amended complaint, he asserts four claims: (1) breach of contract; (2) estoppel; (3) bad faith; and (4) violation of ERISA. He seeks to recover all past and future disability payments that are allegedly due under the group policy or, in the alternative, to be permitted to file an internal appeal of defendant's denial of benefits. In its motion to dismiss, defendant contends that plaintiff may proceed only on his ERISA claim, because his state law claims are preempted by ERISA. Defendant is correct that plaintiff cannot assert both state law and ERISA claims to recover benefits under the group disability insurance policy. *Rud v. Liberty Life Assurance Co. of Boston*, 438 F.3d 772, 777 (7th Cir. 2006). Thus, either the state law claims or the ERISA claim must be dismissed.

Congress enacted ERISA to provide a uniform regulatory regime over employee benefit plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). To that end, ERISA contains an expansive preemption clause intended "to be so broad as to entirely replace any state-law claim" to enforce a claim for benefits under an ERISA-governed employee benefit plan. *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare*, 538 F.3d 594, 596 (7th Cir.

2008). As an initial matter, plaintiff's claims can be preempted by ERISA § 502(a)(1)(B) only if the group disability insurance policy is governed by ERISA. If the group policy is an ERISA-plan, then the next step is to determine whether plaintiff's state law claims are preempted. The Supreme Court has applied a two-part analysis for determining whether a claim is completely preempted by ERISA: (1) whether the plaintiff could have brought his claims under ERISA's civil enforcement provision, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); and (2) whether the defendant's actions implicate legal duties dependent solely on ERISA and the plan. *Davila*, 542 U.S. at 210; *Franciscan Skemp Healthcare, Inc.*, 538 F.3d at 597. If the answer to both of these questions is "yes," then plaintiff's state law claims are preempted.

## I. The Group Policy

A particular plan qualifies as an "employee welfare benefit plan" and falls under ERISA's purview if it is (1) a "plan, fund, or program," (2) that is "established or maintained," (3) by an "employer" or an "employee organization," (4) for the purpose of providing, either directly or "through purchase of insurance," benefits such as medical, dental, life and disability (5) to participants and beneficiaries. 29 U.S.C. § 1002(1); *Ruttenberg v. U.S. Life Insurance Co. of New York*, 413 F.3d 652, 660 (7th Cir. 2005). The statute specifically includes all employer-sponsored disability-benefit programs in the definition of welfare plans covered by ERISA. 29 U.S.C. §§ 1002(1)(A). However, there is a regulatory exemption, known as the "safe harbor" provision, that exempts pure, third party insurance programs from ERISA-coverage. Under the safe harbor exception, "employee welfare benefit plans" do not include group or group-type insurance

programs offered by an insurer to employees or members of an employee organization, under which:

>   (1) No contributions are made by an employer or employee organization;
>
>   (2) Participation in the program is completely voluntary for employees or members;
>
>   (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
>   (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program . . ..

29 C.F.R. § 2510.3-1(j).

The group policy in this case satisfies the definition of an "employee welfare benefit plan" and does not fall under the safe harbor provision. The group policy is part of a "plan, fund or program" because it specifically identifies the persons eligible for coverage, provides that the policy is insurer funded and establishes detailed procedures for receiving benefits. *Grimo v. Blue Cross Blue Shield of Vermont*, 34 F.3d 148, 151 (2nd Cir. 1994) ("plan, fund or program" established if "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."); *see also Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982).

The second and third prongs of the statutory definition are satisfied because the group policy was "established and maintained" by Stafford Rosenbaum, an "employer." 29 U.S.C. § 1002(5) (defining "employer" as "any person acting directly as an employer, or indirectly in the

interest of an employer . . ."). The group policy identifies Stafford Rosenbaum as the "Employer" and "Policyowner," and identifies Stafford Rosenbaum partners and employees as the persons eligible for coverage. In addition to being the designated policyholder, Stafford Rosenbaum obligated itself to perform administrative tasks under the terms of the policy. For example, Stafford Rosenbaum provides employee information to defendant, pays the entire cost of coverage on behalf of its shareholders, reserves the authority to determine the amount of any employee contribution toward the cost of coverage and has the option of terminating the policy.

These facts, readily apparent from reading the group policy, support the conclusion that Stafford Rosenbaum "established and maintained" the group policy by contracting with defendant to administer the plan and participating in the creation of the policy. *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454-55 (7th Cir. 2005) (holding that an employer establishes a plan under ERISA when it pays a portion of its employees' premiums); *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes and maintains a plan if it enters a contract with the insurer and pays its employees' premiums."); *Brundage-Peterson v. Compeare Health Services Insurance Corp.*, 877 F.2d 509, 510 (7th Cir. 1989) (explaining that employers establish or maintain plan if they have high level of involvement in the plan's creation and administration).

These facts also establish that the group policy falls outside the safe harbor provision. *Shyman*, 427 F.3d at 454 (employer that pays part of insurance program fees for its employees is outside safe harbor provision); *Brundage-Peterson*, 877 F.2d at 511 (employer outside safe harbor provision if it contracted with insurer and designated which employees were eligible under plan).

Also, it is clear that the group policy satisfies the fourth and fifth prongs of ERISA's definition of an "employee welfare benefit plan." These prongs require the plan to provide benefits, such as disability benefits, to "participants and beneficiaries." A "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan. . . ." 29 U.S.C. § 1002(7). A "beneficiary" is a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Plaintiff may believe that he does not qualify as a participant or beneficiary because as a law firm partner, he is not technically an "employee." Indeed, Department of Labor regulations specify that any plan under which no employees are covered is not an ERISA plan, 29 C.F.R. § 2510.3-3(b), and that partners who wholly own a business are not normally employees of that business under ERISA. 29 C.F.R. § 2510.3-3(c)(2); *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 21 (2004) ("Plans that cover only sole owners or partners and their spouses . . . fall outside [ERISA's] domain.")

However, a plan that covers both working-owner employers or shareholders as well as employees is governed by ERISA, and the working owner or partner is a plan "participant." *Yates*, 541 U.S. at 21. The group policy in this case provides long term disability insurance benefits to eligible partners *and* employees of the Stafford Rosenbaum law firm. Thus, plaintiff is eligible to bring a claim under ERISA as a "participant" of the group policy. *Id.* (holding that sole shareholder and president of a professional corporation qualified as a "participant" in an ERISA pension plan sponsored by his corporation where the plan covered one or more employees other than himself); *House v. American United Life Ins. Co.*, 499 F.3d 443, 450 (5th Cir.

2007) (holding that law firm partner could qualify as participant or beneficiary under ERISA); *Hall v. Standard Ins. Co.*, 381 F. Supp. 2d 526, 531 (W.D. Va. 2005) (same). In sum, I conclude that the group policy in this case provides benefits to participants and beneficiaries and satisfies all elements of an ERISA employee welfare benefit plan.

## II. Preemption

Having concluded that the group policy is covered by ERISA, the next step is to determine whether plaintiff's claims are preempted under the Supreme Court's test in *Aetna Health, Inc. v. Davila*, 542 U.S. at 209. The first *Davila* factor is whether the plaintiff could have brought his claims under ERISA's civil enforcement provision, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Section 502(a) authorizes a plan participant "to recovery benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 28 U.S.C. 1132(a)(1)(B). Section 502(a)(2) allows suit against a plan fiduciary for breaches of fiduciary duty to the plan. Also, § 502(a)(3)(B) provides that a participant can seek to obtain "other appropriate equitable relief (I) to redress [violations of this subchapter or terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Plaintiff's claims for breach of contract, promissory estoppel and bad faith are premised upon alleged misconduct of defendant and defendant's representatives that resulted in the denial of disability benefits promised under the terms of the group policy. All of plaintiff's common law claims relate to his eligibility to recover benefits under the policy and his desire to clarify his rights to future benefits under the policy. Therefore, all three claims duplicate the actions and

remedies available under § 502(a). Numerous Supreme Court, Seventh Circuit Court of Appeals and district court opinions support this conclusion. *E.g.*, *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987) (common law contract and tort claims preempted by ERISA); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1986) (same); *Kannapien v. Quaker Oats Co.*, 507 F.3d 629, 640 (7th Cir. 2007) (state law contract and promissory estoppel claims preempted by ERISA); *Smith v. Blue Cross & Blue Shield United of Wisconsin*, 959 F.2d 655, 657-68 (7th Cir. 1992) (bad faith and breach of fiduciary duty claims preempted by ERISA); *Matt v. Coastal Corp. Severance Pay Plan*, 2008 WL 4646101, *5 (W.D. Wis. Mar. 28, 2008) (state law estoppel claims preempted by ERISA); *Meis v. Liberty Mut. Ins. Co.*, 2006 WL 6085581, *7 (W.D. Wis. Oct. 16, 2006) (bad faith claim preempted by ERISA."); *Raneda v. Aurora Healthcare, Inc.*, 2006 WL 1728102, *2-3 (E.D. Wis. June 22, 2006) (breach of contract, bad faith and damage to reputation claims preempted by ERISA).

The second factor of the *Davila* test, whether there is an independent legal duty implicated by defendant's actions, also supports the conclusion that plaintiff's state law claims are preempted by ERISA. Plaintiff's right to disability benefits arises only because of the terms of the group policy. Defendant's potential liability under plaintiff's breach of contract, bad faith and estoppel theories arises entirely from the particular rights and obligations established by the group policy. It is irrelevant that the state cause of action may require proof of additional elements or may authorize remedies beyond those authorized by ERISA. *Davila*, 542 U.S. at 214-15. Plaintiff's state law claims seek to rectify only a wrongful denial of benefits promised under an ERISA-regulated plan and do not attempt to remedy any violation of a legal duty independent of ERISA. Therefore, his state law claims fall within the scope of ERISA § 502(a) and are completely preempted. All that remains is plaintiff's ERISA claim.

ORDER

It is ORDERED that:

(1)  Plaintiff's motion for extension of time, dkt. 31, is DENIED.

(2)  Defendant Standard Insurance Company's motion to dismiss, dkt. 28, is GRANTED. Plaintiff Peter Julka's claims for breach of contract, promissory estoppel and bad faith are DISMISSED.

Entered this 27th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge